FILED

2008 AUG 11 PM 1:31

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIANN HUNTER and
IAN HUNTER,

Plaintiffs,

v.

Case Number: 8:08-CV-01556-T-23TGW

ZIMMER, INC.,
a foreign corporation,

Defendant.
_______________________________/

**COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiffs, MARIANN HUNTER and IAN HUNTER, sue defendant ZIMMER, INC., a foreign corporation, and allege:

1. This is an action for damages that exceed $75,000.00 and this Court has diversity jurisdiction pursuant to 28 USC 1332.

2. Plaintiffs are citizens of the State of Florida.

3. At all time relevant to this action, defendant ZIMMER, INC., was incorporated in the State of Delaware with its principal place of business in the State of Indiana.

4. Plaintiffs' damages in this matter accrued in the Middle District of Florida, Tampa Division.

5. At times relevant to this Complaint, ZIMMER, INC. regularly engaged in business in the State of Florida.

6. Defendant ZIMMER, INC. designed, manufactured, stored, distributed, and sold the product at issue in this matter.

TGC 7/165
350.00

7. At times relevant to this Complaint, defendant ZIMMER, INC. was in the business of designing, manufacturing, storing, distributing, and selling orthopedic joint replacement devices worldwide.

8. Sometime prior to January 8, 2007, defendant ZIMMER, INC. manufactured a Zimmer Durom Hip Resurfacing System that included a Metasul Durom Acetabular Component, Reference No. 01.00214.152, Lot 2331001, in addition to other components, which was subsequently implanted into the body of MARIANN HUNTER.

9. On January 8, 2007, the Zimmer Durom Hip Resurfacing System was implanted into the body of MARIANN HUNTER at Doctors Hospital of Sarasota in Sarasota, Florida, by Ronald P. White, M.D.

10. Following the surgery, Mrs. Hunter's wounds healed without infection, x-rays showed the hip replacement to be properly positioned and affixed, and the hip replacement suffered no impacts.

11. Despite these ideal conditions for a hip replacement, by July of 2007 MARIANN HUNTER began to experience pain and a clicking sound in her hip when she walked.

12. On December 26, 2008, MARIANN HUNTER was lying in her bed when she felt a loud pop in her hip, and immediately suffered excruciating pain.

13. She found that she could no longer bear weight on her hip.

14. MARIANN HUNTER met with Dr. White on December 31, 2007, who took an x-ray which revealed that the Metasul Durom Acetabular Component, Reference No. 01.00214.152, Lot 2331001, had slipped.

15. Unfortunately, the surgery to revise the failed hip joint resurfacing system could not be commenced for almost three weeks.

16. Finally, on January 15, 2008, Dr. White performed an extensive and complicated revision surgery to replace the failed hip prosthesis.

17. In the operative report, Dr. White noted that it was a "complex revision", stating:

> It was clear that the acetabular component was completely loose. After the femoral head was removed, the acetabular component simply lifted out showing no bone ingrowth whatsoever.

18. Ultimately, Dr. White's postoperative diagnosis was "aseptic failure of a left total hip prosthesis."

19. MARIANN HUNTER continues to make a slow and difficult recovery from the catastrophic failure of defendant's Durom Hip Resurfacing System.

<u>COUNT ONE</u>
<u>NEGLIGENCE OF ZIMMER, INC.</u>

20. Plaintiffs re-allege paragraphs 1-19 as if fully stated herein.

21. Defendant ZIMMER, INC., as the manufacturer of the Durom Hip Resurfacing System, owed a duty to plaintiffs to exercise reasonable care in the design, manufacture, storage, and distribution of the device to insure that it was fit for its intended use.

22. Defendant ZIMMER, INC., in breach of the duty described above, negligently and carelessly designed, manufactured, stored, and distributed the Durom Hip Resurfacing System implanted in MARIANN HUNTER.

23. As a direct and proximate result of the conduct of defendant ZIMMER, INC., the defendant's hip joint resurfacing system was unfit for its intended use.

24. As a direct and proximate cause of this breach, MARIANN HUNTER has suffered severe physical distress and injury, emotional distress and injury; incurred medical and other expenses; suffered shame, humiliation and the inability to lead a normal life; and she has suffered loss of enjoyment of life. Her injuries and losses are permanent in nature and MARIANN HUNTER will continue to suffer such losses in the future.

WHEREFORE, plaintiffs demand judgment against defendant ZIMMER, INC. for compensatory and punitive damages and any other relief the Court deems just and proper.

## COUNT TWO
## STRICT LIABILITY OF ZIMMER, INC.

25. Plaintiffs re-allege paragraphs 1-19 as if fully stated herein.

26. At the time that defendant ZIMMER, INC. manufactured and sold the Durom Hip Resurfacing System, it contained a defect that made it unreasonably dangerous and unfit for its intended use.

27. The product reached MARIANN HUNTER without substantial change in the condition in which it was sold.

28. As a direct and proximate cause of this breach, MARIANN HUNTER has suffered severe physical distress and injury, emotional distress and injury; incurred medical and other expenses; suffered shame, humiliation and the inability to lead a normal life; and she has suffered loss of enjoyment of life. Her injuries and losses are permanent in nature and MARIANN HUNTER will continue to suffer such losses in the future.

WHEREFORE, plaintiffs demand judgment against defendant ZIMMER, INC. for compensatory and punitive damages and any other relief the Court deems just and proper.

COUNT THREE
BREACH OF IMPLIED WARRANTY OF ZIMMER, INC.

29. Plaintiff re-alleges paragraphs 1-19 as if fully stated herein.

30. Defendant ZIMMER, INC. designed, manufactured, stored, distributed and sold the Durom Hip Resurfacing System at issue in this case.

31. Defendant ZIMMER, INC. impliedly warranted that the product was reasonably fit for its intended use as a hip joint replacement system.

32. MARIANN HUNTER was a foreseeable user of the product.

33. MARIANN HUNTER purchased the product from defendants.

34. The product failed while being used for its intended purpose, causing injury to MARIANN HUNTER.

35. As a direct and proximate cause of this breach, MARIANN HUNTER has suffered severe physical distress and injury, emotional distress and injury; incurred medical and other expenses; suffered shame, humiliation and the inability to lead a normal life; and she has suffered loss of enjoyment of life. His injuries and losses are permanent in nature and MARIANN HUNTER will continue to suffer such losses in the future.

WHEREFORE, plaintiffs demand judgment against defendant ZIMMER, INC. for compensatory and punitive damages and any other relief the Court deems just and proper.

COUNT FOUR
BREACH OF EXPRESS WARRANTY OF ZIMMER, INC.

36. Plaintiffs re-allege paragraphs 1-19 as if fully stated herein.

37. Defendant ZIMMER, INC. designed, manufactured, stored, and distributed the Durom Hip Resurfacing System at issue in this case.

38. Defendant ZIMMER, INC. expressly warranted by affirmation, promise, description, and sample that the product was reasonably fit for extended, safe use as a hip joint replacement system.

39. The above representations made by defendant ZIMMER, INC. were meant to directly or indirectly induce persons such as MARIANN HUNTER to purchase the hip joint replacement system, for implementation into her body.

40. MARIANN HUNTER was a foreseeable user of the product.

41. MARIANN HUNTER purchased the product from defendant ZIMMER, INC.

42. The product failed while being used for its intended purpose, causing injury to MARIANN HUNTER.

43. As a direct and proximate cause of this breach, MARIANN HUNTER has suffered severe physical distress and injury, emotional distress and injury; incurred medical and other expenses; suffered shame, humiliation and the inability to lead a normal life; and she has suffered loss of enjoyment of life. Her injuries and losses are permanent in nature and MARIANN HUNTER will continue to suffer such losses in the future.

WHEREFORE, plaintiffs demand judgment against defendant ZIMMER, INC. for compensatory and punitive damages and any other relief the Court deems just and proper.

## COUNT FIVE
## LOSS OF CONSORTIUM

44. Plaintiffs re-allege paragraphs 1-19 as if fully stated herein.

45. Plaintiffs are legally married and were legally married at the time of the events described in this Complaint.

46. As a result of the failure of the hip joint replacement system, plaintiff IAN HUNTER has suffered a loss of companionship and support on the part of MARIANN HUNTER, his wife.

WHEREFORE, plaintiffs demand judgment against defendant ZIMMER, INC. for compensatory and punitive damages and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

47. Plaintiffs demand a jury trial on all issues triable.

**MAGLIO CHRISTOPHER & TOALE LAW FIRM**
1751 Mound Street, Second Floor
Sarasota, Florida 34236
941.952.5242
Fax 941.952.5042
Attorneys for the plaintiffs

Altom M. Maglio, Esq.
amm@sarasotalaw.com
Florida Bar Number 88005